# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## MARIO A. LEGGS v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 4445     Lynn W. Brown, Judge**

---

**No. E2004-02457-CCA-R3-HC - Filed July 21, 2005**

---

The petitioner was convicted by a jury in the Johnson County Circuit Court of multiple offenses, and he received a total effective sentence of twenty-two years, eleven months, and twenty-nine days. Subsequently, the petitioner filed a petition for a writ of habeas corpus, alleging that <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004), renders his sentences void. The trial court summarily dismissed the petition, which dismissal the petitioner appeals. The State filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. Upon review of the record and the parties' briefs, we conclude that the petition was properly dismissed. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Mario A. Leggs, Mountain City, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; and Joe C. Crumley, Jr., District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

This court previously summarized the procedural history in the petitioner's case as follows:

> In November 2001, the petitioner was convicted by a jury of theft, robbery, two counts of reckless endangerment, aggravated robbery, two counts of evading arrest, three counts of reckless aggravated assault, leaving the scene of an accident, and driving on a suspended license. The trial court ordered the sentences for five of the twelve counts to be served consecutively to each other and to the

> sentence imposed in a prior case and ordered concurrent sentences for the remaining counts, for an effective sentence of twenty-three years, twenty-eight days. On appeal, this court reversed the second evading arrest conviction and modified the sentence accordingly for an effective sentence of twenty-two years, eleven months, and twenty-nine days.

Mario Leggs v. Howard Carlton, Warden, No. E2005-00136-CCA-R3-HC, 2005 WL 1566546, at *1 (Tenn. Crim. App. at Knoxville, July 6, 2005) (citation omitted).

On August 10, 2004, the petitioner filed a petition for a writ of habeas corpus. In the petition, the petitioner contended that the recently released Supreme Court opinion in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), renders his sentences void. Specifically, the petitioner argued that the enhancement factors found by the trial court should have been alleged in the indictments and found by a jury. The petitioner also claimed that "judge sentencing by the preponderance of the evidence 'directs a verdict in favor of the State." Finally, the petitioner contended that his consecutive sentences were imposed in contravention of Tennessee Code Annotated section 40-35-115(a) (2003).

The trial court summarily denied the petition, stating, "Nothing in the petition would support a finding by this court that petitioner's conviction is void or that his sentence has expired." The petitioner challenges this ruling. Contrarily, the State moved this court to affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

The determination of whether to grant habeas corpus relief is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted).

First, we will address the petitioner's claim that a violation of <u>Blakely</u> renders his sentences void.  Recently, in <u>State v. Gomez</u>, 163 S.W.3d 632, 661 (Tenn. 2005), a majority of our supreme court found that, unlike the sentencing scheme discussed in <u>Blakely</u>, "Tennessee's sentencing structure does not violate the Sixth Amendment."  Regardless, this court has previously held that <u>Blakely</u> does not establish a new watershed rule, and that <u>Blakely</u> does not apply retroactively to cases on collateral appeal.  <u>See</u> <u>Donald Branch v. State</u>, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894, at *10 (Tenn. Crim. App. at Jackson, Dec. 21, 2004), <u>perm. to appeal denied</u>, (Tenn. 2005); <u>see also</u> <u>Carl Johnson v. State</u>, No. W2003-02760-CCA-R3-PC, 2005 WL 181699, at *4 (Tenn. Crim. App. at Jackson, Jan. 25, 2005),<u>perm. to appeal denied</u>, (Tenn. 2005).  Therefore, the petitioner is not entitled to relief.

The petitioner's second claim is that a trial court's finding of enhancement factors by a preponderance of the evidence essentially results in a directed verdict for the State.  We can find no merit in the petitioner's contention.  Moreover, this issue is not properly the subject of a habeas corpus proceeding.

Finally, the petitioner contends that "the trial court ordering a portion of the [petitioner's] sentences to run consecutively and the remainder to run concurrently is in direct contravention of the express provisions of [Tennessee Code Annotated section] 40-35-115(a)."  In <u>Mario Leggs v. Howard Carlton, Warden</u>, No. E2005-00136-CCA-R3-HC, 2005 WL 1566546, at *2 (Tenn. Crim. App. at Knoxville, July 6, 2005), this court addressed this specific claim, concluding that the petitioner's argument had no merit.  "Principles of *res judicata* dictate the issue not be relitigated." <u>See</u> <u>John C. Tomlinson v. State</u>, No. M2001-02152-CCA-R3-CO, 2002 WL 1400051, at *3 (Tenn. Crim. App. at Nashville, June 28, 2002).  The petitioner is not entitled to relief.

Accordingly, the State's motion is granted.  The judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE